UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1887 AG (JPRx) | Date | December 27, 2013 |
|---|---|---|---|
| Title | JOSEPH CAHILL and MONA CAHILL v. WELLS FARGO HOME MORTGAGE, et al. | | |

Present: The Honorable    ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:**   [IN CHAMBERS] ORDER DENYING TEMPORARY RESTRAINING ORDER AND REMANDING CASE

For several years, this Court has been flooded with foreclosure-related cases in what seems to be routine removal by lenders from California state courts. These removals sometimes raise challenging issues of federal jurisdiction involving the citizenship of the parties, the amount in controversy, and the existence of a federal question. And these removals always deny California state courts the opportunity to interpret California law relating to foreclosure. The pressing importance these days of foreclosure law is reflected in the recent comprehensive statutory scheme passed by the California legislature, the California Homeowner Bill of Rights, Cal. Civ. Code sections 2920.5, *et seq.*

This is yet another foreclosure-related case removed from state court by Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"). Before the Court is Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order enjoining the January 2, 2014 foreclosure of their home. ("Application," Dkt. No. 6.) The Application was entered at 7:21 p.m. yesterday, December 26, 2013, and filed today, December 27, 2013.

The Court finds that it does not have jurisdiction over this case. The Court thus DENIES the Application and REMANDS the case to the appropriate state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1887 AG (JPRx) | Date | December 27, 2013 |
|---|---|---|---|
| Title | JOSEPH CAHILL and MONA CAHILL v. WELLS FARGO HOME MORTGAGE, et al. | | |

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Disciplinary Action Against Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) *overruled on other grounds by Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Unlike many foreclosure-related cases, this case does not involve a claim under a federal statute, and Wells Fargo bases removal on diversity jurisdiction alone. (*See* Notice of Removal, Dkt. No. 1; Complaint, attached as Exhibit A to Notice of Removal.)

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Court here focuses on diversity, although it is also not convinced that the amount in controversy requirement is met. *See* Order Remanding Case at 4, *Perez v. Wells Fargo Home Mortg., Inc.*, No. SACV 13-0315 AG (JPRx) (C.D. Cal. Apr. 5, 2013), ECF No. 14 (questioning diversity jurisdiction "under California real property secured transactions law where the lender's remedies are often limited to the value of the real property and where the amount involved might more accurately be the present value of the future rental stream, appropriately discounted to reflect the volatile uncertainty of today's real estate market").

Wells Fargo's claim that diversity exists rests on its assertion that Wells Fargo is a citizen of only South Dakota for diversity purposes. (Notice of Removal at 3.) The Court disagrees. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 315 n.8 (2006); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); Order Remanding Case, *Damato v. Wells Fargo, N.A.*, No. SACV 13-1547 AG (SPx) (C.D. Cal. Sept. 12, 2013) ECF No. 9; Order Granting Motion to Remand at 3, *Moreno v. Wells Fargo, N.A.*, No. SACV 13-0371 AG (RNBx) (C.D. Cal. Apr. 15, 2013) ECF No. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1887 AG (JPRx) | Date | December 27, 2013 |
|---|---|---|---|
| Title | JOSEPH CAHILL and MONA CAHILL v. WELLS FARGO HOME MORTGAGE, et al. | | |

The Court's concerns about these removals is increased because the Court has already remanded cases involving Wells Fargo, so Wells Fargo is on notice of this Court's position concerning jurisdiction. This removal is particularly troubling coming on the eve of the trustee's sale because of the burden it places on a party considering a TRO.

This Court will not further delay the efforts of California residents to seek relief in California courts under laws and statutes largely designed to protect such California residents.

**DISPOSITION**

This Court does not have jurisdiction over this case. The Application is thus DENIED. The Court REMANDS this case to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |